FILED
DEC 24 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

$400.00
GAM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

14  7289

| | |
|---|---|
| ADRIENNE ESKRA | CIVIL ACTION NO. |
| *Plaintiff,* | 14-7289 |
| v. | |
| WAL-MART STORES EAST, LP | **ARBITRATION CASE** |
| *Defendant.* | |

### CIVIL ACTION COMPLAINT

**I. PRELIMINARY STATEMENT**

1. This is a claim against the Defendant, Wal-Mart Stores East, LP, for personal injuries caused to Plaintiff, Adrienne Eskra, by the negligent acts and/or omissions of the Defendant and its agents, servants, employees, workmen and/or representatives.

**II. PARTIES**

2. Plaintiff, Adrienne Eskra, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 20 E. Center Street, Wind Gap, PA 18091.

3. Defendant, Wal-Mart Stores East, LP, was and is now a business entity, believed to be a limited partnership, engaged in retail sales with a corporate headquarters located at 702 SW 8th Street, Bentonville, AR 72716.

4. At all times relevant hereto, the Defendant acted by and through its trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendant.



### III. JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts or omissions giving rise to the within claims occurred within the district and because Defendant is subject to personal jurisdiction within the district.

### IV. STATEMENT OF CLAIMS

8. At all times material herein, the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, agency and/or service with the Defendant, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises known as Wal-Mart Store No. 2252 located at 3722 Nazareth Road, Easton, PA 18045.

9. On or about July 6, 2014, and for a long time prior thereto, it was the duty of the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the premises known as Wal-Mart Store No. 2252 located at 3722 Nazareth Road, Easton, PA 18045 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Adrienne Eskra.

### COUNT I
### ADRIENNE ESKRA v. WAL-MART STORES EAST, LP
### NEGLIGENCE – PREMISES LIABILITY

10. Plaintiff hereby incorporates by reference paragraphs one (1) through nine (9) of the within Complaint as though the same were fully set forth at length herein.

11. On or about July 6, 2014, Plaintiff, Adrienne Eskra, was walking inside the store on the aforesaid premises known as Wal-Mart Store No. 2252 when, suddenly and without warning and as a direct result of a defective and/or dangerous condition of the premises, Plaintiff slipped on a wet substance on the floor, believed to be coffee, thereby causing Plaintiff to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

12. The incident described in the preceding paragraphs of the within Complaint was caused solely by the negligence and carelessness of the Defendant, Wal-Mart Stores East, LP, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of employment for the same, generally and in the following particular respects:

   a) carelessly and negligently allowing the aforesaid premises to exist in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff;

   b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injury to third parties such as the Plaintiff;

   c) carelessly and negligently failing to recognize the defect which caused the aforesaid substance to exist on the floor of the Defendant's premises and failing to timely remedy same;

   d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to workers at its aforesaid premises regarding routine inspections and maintenance of its store;

   e) carelessly and negligently failing to ensure that the Defendant's aforesaid premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

   f) carelessly and negligently failing to adequately and timely repair defects to said premises;

   g) carelessly and negligently failing to correct a dangerous and hazardous condition of which Defendant was aware or should have been aware;

    h) failing to warn persons lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

    i) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to conduct their business;

    j) negligence by virtue of the doctrine of *respondeat superior*; and

    k) negligence by virtue of the doctrine of *res ipsa loquitur*.

13. Plaintiff, Adrienne Eskra, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and or/carelessness.

14. As a result of the aforesaid negligence of the Defendant, Plaintiff, Adrienne Eskra, suffered severe injuries including, but not limited to, aggravation of pre-existing degenerative joint disease of the knees, cervicalgia, and right knee pain, as well as aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

15. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

16. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

17. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

18. As a result of this accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function and/or scarring, which may be in full or in part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19. As a further result of this accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

20. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Adrienne Eskra, demands judgment in her favor and against Defendant, Wal-Mart Stores East, LP, in an amount not in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

Respectfully,

SWARTZ CULLETON PC

By: _____
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Adrienne Eskra

Date: December 17, 2014

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

14 7289

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Adrienne Eskra

## DEFENDANTS
Wal-Mart Stores East, LP

(b) County of Residence of First Listed Plaintiff: Northampton, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Benton, AR
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Swartz Culleton PC - 547 E. Washington Ave, Newtown, PA 18940

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | FEDERAL TAX SUITS | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | IMMIGRATION | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause: Premises Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 12/12/2014
SIGNATURE OF ATTORNEY OF RECORD

DEC 24 2014

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

GAm

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 20 E. Center Street, Wind Gap, PA 18901

Address of Defendant: 702 SW 8th Street, Bentonville, AR 72716

Place of Accident, Incident or Transaction: 567 Pennsylvania Route 100, Bechtelsville, PA 19505
(*Use Reverse Side For Additional Space*)

14  7289

A/R

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes ☐    No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)
~Premises Liability

---

ARBITRATION CERTIFICATION
(*Check Appropriate Category*)
I, _____, counsel of record do hereby certify:

DEC 24 2014

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 12/17/2014    _____    78344
                    Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/17/2014    _____    78344
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| Adrienne Eskra | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| Wal-Mart Stores East, LP | : | NO. 14  7289 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 12/17/2014 | Brandon A. Swartz | Plaintiff, Adrienne Eskra |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-550-6553 | 215-550-6557 | bswartz@swartzculleton.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 24 2014